4-1325 the United States v. Michael Prieto Good morning, Ms. LaRocque. Good morning. Jean LaRocque for the defendant, Appellant Michael Prieto. This is a mortgage fraud case arising from the District of New Hampshire. I would like to focus my arguments on the Rule 29 motion for judgment of acquittal and the Rule 33 motion to set aside the verdict. I think that the government did charge an overarching scheme and they didn't there was a material variance between what they charged in the indictment and the proof at trial. In the indictment they charged three separate schemes, three separate victims, groups of victims, homeowners, straws, banks. The proof at trial they switched it up and the victim was fraud on the banks only. I as they said they focused on the the homeowners they had named in the government had named 19 homeowner victims in their witness list they did only call one presumably their best witness. She didn't show that there was any fraud on that she was aware that the... What do you do about, as I understand that the district court with the consent of both parties instructed the jury that the indictment alleges the defendant devised a single or unified scheme to defraud and the judge then told the jury they had to find that entire unified scheme to defraud in order to convict and they couldn't convict if all they found was other fraud that wasn't the unified scheme. Since that's the way it was instructed I'm having trouble seeing what the difficulty is. You have the indictment you have a characterization of it and you have the jury being told they have to find that characterization is satisfying. Well I think it was error because I don't think a jury instruction can cure a fatal variance or a lack of evidence in in the trial. I don't think there was evidence that there was fraud to the to the homeowners and there was also the problem with the of the materiality whether the banks relied upon. How can you say there wasn't evidence of fraud to the homeowners as I understand it they didn't he was going out and putting a lien on the homes which would have then precluded them from buying them back effectively. So initially he initially was but but they only called one homeowner Susan Perry she testified that she was fully aware of what was going on that they didn't call any of the other homeowners at trial so all the all the jury had before them was Susan Perry who was aware of what was going on and that she had she had not paid the rent she had broken the agreement she hadn't exercised her option by April of the year she was still living there in December the think that there was evidence at trial given that they they only called one witness and she didn't bring forward evidence that she was defrauded I don't believe. What do you mean by that she didn't put forward evidence she said she knew that it was a scheme and she understood what they were doing but because she didn't consider herself defrauded it wasn't fraud is that what you're saying? Right she understood what was going on she understood that everything was explained to her that she understood that there was a mortgage on it that she would have the two years to buy to exercise the option to buy it back. But she did not know the underlying scheme? Well that's what that goes to the problem that was it was it three separate schemes or was it one overarching scheme I mean the way the the government brought the case was that it was one overarching scheme not three separate schemes and that's what the defense attorney was saying all along in the motion to dismiss the motion the rule 29 and the rule 33 motion that it was actually three separate schemes not one not one overarching. But they brought it as I read the indictment it's brought as one overarching scheme defined as the scheme or the enterprise and the jury's then told they have to find the whole thing and then you wanted to there's a debated trial about how you characterize it were three separate schemes or one overarching scheme. Right. And the jury opts for the one overarching scheme. Well the jury opts for it the the the court said that's the way it was. Right the court did what it's supposed to do which it told the jury you can only convict if you find that there's the overarching scheme. Mm-hmm well I believe that that's why he brought the motion to set aside the verdict that there was insufficient evidence to show that there was fraud to the homeowners. Let's stay with that suppose there was no evidence of fraud to the homeowner what part what essential part of the indictment did that was that inconsistent with in precluding there from being an overarching scheme? You could have an overarching scheme without defrauding every person who's involved. Well I I think that the the indictment did say that that the homeowners were victims. It says they were defrauded. It said they were victims. I'm not sure that it if it I I don't know offhand whether it said any particular group was defrauded. The homeowners lost what they thought was a valuable right which was to buy back the properties at their original mortgage because the defendant took out jumbo mortgages that that was a fraudulent part of the fraudulent scheme because obviously the equity was eaten up, taken out by the defendants by the defendant and used otherwise so that the basis of the whole program didn't really exist. It was fraud from the beginning. No I don't but one thing I just like to correct that there weren't jumbo mortgages technically taken out on I addressed that in the reply brief but well they sucked out the equity out of the houses with the mortgages being larger than the private the mortgage was larger yes at the time of when they bought it but if you were if you were a homeowner whose that happened to your home wouldn't you be victimized whether you knew it or not? Well no I'd say none of the homeowners were victimized because none of the homeowners that all of the homeowners defaulted on the agreement first that they stopped paying the rent but go back to the moment there's a transaction sure they have to perform but if the other side of the transaction is representing it is them being able to step back in and in fact he's gotten rid of the equity with a larger mortgage they've been victimized whether they know it or not and maybe they can perform or not but no I think they could have exercised the option and bought it back and that's why he had put a higher mortgage yes and that is why he had put the originally had put the liens on the properties which which then when the New Hampshire Banking Commission stepped in he changed that but if you look that was the reason that they had set aside money in case any of them did exercise the option that they would have the money then too. Now I'm lost if I have a $50,000 mortgage on the home and I've got a hundred thousand in equity in it and I can't keep up to it and he does the deal and he takes the house and then he slaps a hundred thousand dollar mortgage on the home so that he gets the cash and takes the cash taking most of the equity out of the house how can I now buy it back on the terms that had been first presented to me I can't I'd have to take out the new or higher mortgage. He had set aside the money to cover the the higher the difference in the in the mortgages that's why it put the lien on the property so that they would have the money to pay off the difference in the mortgage should anybody choose to exercise the option which none of them did and they all ended up defaulting on the the rent payments and none of them exercise the option certainly not in a timely manner so. The other issue I'd like to address is just the materiality issue whether the banks there was no evidence that the banks relied upon any of the statements in the mortgage application and I think that by related by denying the expert witness so for the defense so that he could counter that claim that essential element that I think that was an error as well. And I think the evidence showed that there was in the mortgage applications there were contradictory things said in the mortgage applications and they still went through. I think what the judge said was just by the mere fact that they asked those questions in the mortgage application that shows their material end of story. I think that was a mistake that they needed someone from the bank to come and testify at least from one of the banks that yes these are the type of questions we ask as an Apple loan that's what happened one of one of the two banks a banker came to testify and this court said well both of the banks had similar mortgage application forms so since you know Bank A testified that they relied on it it's reasonable inference for the jury that Bank B relied upon it. In this case there was no no no one from the bank they had a title agent come but he testified solely about what if a title agency would be defrauded that was not what was charged it was charges that the banks were defrauded and they needed someone from the banks to testify that indeed they did rely on this because keeping in mind this was 2005 to 2008 it's pretty clear the banks were not relying on well you're basically saying that even if it was clear from the record that these forms which were submitted were in fact fraudulent unless there was specific testimony that someone said I looked at that and that's it met our requirements and therefore we made the loan without that you're saying that this doesn't pass muster that it's not enough for them to show that in fact the forms were fraudulent. There's not enough to show that that for instance let's just stick with a primary residence that that someone checked that it was a primary residence when it was not going to be or income or income yeah those are the two main ones yes I I believe so that the banks were still processing the loans in this time period they certainly were there and they because they didn't they have banks at the time didn't care whether or not the loans that they were sell they were packaging the loans up and selling them off that's what the banks were concerned about and I think that they needed an expert to show it and they all went when he was denied a mortgage industry expert to say this is what the banks were doing at the time I think that was it's not enough that the forms were fraudulent and that when the bank went to foreclose that they discovered that they had borrowers were basically paper banks that's not enough it's not enough no no what do you do about Doris's testimony and he was a mortgage lender who actually then became a cooperating witness because he worked with you a client in the scheme as I understood it he said whether it's an investor owned or owner occupant facility is relevant to the lenders decision on whether or not to give a loan he was a mortgage broker he was not a mortgage lender I think they needed a lender they did have someone on their witnesses they didn't call her but why can't the people who it's their job to go out and find mortgages I would think they would be an factually as to whether the people they were dealing with cared or didn't care about it no I I don't think that he he qualified as in as an expert or to say what the banks in fact were doing so a mortgage broker isn't someone you can go to to ask what do I need to tell the banks to get a loan you can ask the mortgage broker yes but he that's you still have to get something directly from the banks I believe just to see what they were relying on to see if they were defrauded anything more counsel I think I'll rest on my brief good morning Seth a frame for the United States I'll start with the dupe the rule 29 fraud argument the argument seems to be that because multiple people may have been hurt that creates separate schemes to defraud but the statute makes the scheme to defraud the crime and the scheme is to enrich the defendant in many complex schemes require multiple steps and along the way you can hurt many different kinds of people and I'd submit to the court that that's what happened here you need properties so you go out and you find people and you tell them here's the deal will pay off your mortgage two years you can live in the house and you can buy it back then you decide you want to strip you want to strip the equity that your ultimate goal so now that you get people to do that you go and you find straws so that you can get a whole bunch of mortgages and all these properties and you get the straws to lie in the loan applications and then you get the large mortgages you get the money and you've you've leveraged the houses as Judge Stahl suggested and now those people that you said can buy back to the house as a matter of economic reality can't because what they owe is so much more that's one scheme and that's what was charged and that was what was proven but what you're what council is saying however is that you didn't prove all of this you did it's in perhaps a logical inference but you had nobody from the bank saying look when we looked at these when we looked at these applications we relied on what was there it would have been easy to do to bring a loan office and say yeah yes we were we did have this program where we had a lower standard but we did look at what was on the applications and what I understand Apple loan to say is that once when a entity asked questions the reason that they ask questions is to get answers and that that should and then when you then live based having been asked questions that that has a natural tendency to influence a decision-maker it is not a question of what any particular bank did so the form s for the person's middle name if the if the form s for the person's middle name that because but that would not have a natural tendency to so you need both the request and some inference that it's natural which is why the Dura's testimony is important that did put into context why it's important if a if you're asking for a mortgage and a reasonable person deciding whether to give that you would be interested in knowing why you want the mortgage what is the property that's behind it yes my middle name wouldn't affect that so that's why it's important I think it's a totally can I get it clear on what the government is arguing because you were first arguing you don't need an expert you don't need a witness of any sort about whether the bank actually considered this material her reply is no that's a misreading of our case law because although the language you just gave me is in it there was also testimony from a bank officer here you didn't use a bank officer you used Duras her argument is that is simply inadequate as a matter of law I read as a matter of law Apple loan says you don't need that second part now that Apple did have it and the court went on to say in addition this happened and we have it too yes but I don't think Apple own required it I think Apple own said once you put in the form and you prove the form was a lie the jury can read the form can understand that these are important questions that's just sort of the logic of the question I think the form yes judge lens I think that is enough for a jury to decide that we had more Apple own had more but as I read the language of Apple own the first part of that opinion was that's enough what do we do if we're going to rely just on the logic that that means we take our general knowledge of how things work right and if we take our general knowledge of how things work how do we ignore what went on for the decade leading up to 2007 where the lenders generally didn't keep the paper so they just got a fee for issuing the loan so they passed it on so I think this actually can slightly conflates two different ideas one is materiality one is complicity in the line I think those are the separate ideas when we talk about materiality the question is not were the banks asleep with the switch the question is what would have happened if truthful answers of yes were given if you said or this is my investment property I make zero dollars if you actually write that down right would you get the loan and I think the answer is no that's materiality that I have a wink and a nod with you I really want to give you the loan so I know you're lying and I just sort of look the other way because I want to really do this business even though I'm asking the questions I don't think that's a question of materiality I think that's were you defrauded were you participating in the fraud but I think those are separate questions which is why materiality looks abstractly at would it have the natural tendency to influence a decision maker are you complicit in the fraud is the decision maker this particular bank that I wasn't made by anybody I'm the government you know proved that they lied and that there were lies and I think that that's enough so I think that they're different they're slightly different issues they're related but I think they're different you know going back to materiality let's assume that the defendant had called one of the bank loan officers and said when you got all these papers in what was your view of them did you look at them did you consider any of this or because you were just getting a fee for passing it on you didn't really care what was on the form therefore the form wasn't material what would you say to her argument that well you you have a few things going there one the bank officers not the bank or the bank loan underwriters not necessarily the bank so if the bank has a policy we only write good loans and you have bank lower level people wrote which very look at they're being paid a commission for the numbers they write that's a possibility the bank would still be the victim in that hypothetical even if that you have a bad underwriter but even still even if the underwriter even if the bank that bank is being complicit that's a defense that's proven right you haven't engaged in a scheme to defraud you're actually on the same page with the bank working together to commit this scheme that's different than materiality materiality is you if the questions were answered truthfully what would have happened and that's a different question so if you wrote this is an investment property and I make no money would you have gotten alone that's the materiality question the are we complicit is I lie you know I lie and you still give me the loan because it because the lies were not material because the information was not material to this particular bank I suppose if you want to reframe it that but that isn't the question if you look at the definition of materiality it's not on the defense it's not on the particular victim it is at the level of the reasonable decision you're saying even with the complicit lender he still needed a certain answer that question correct that's that that is exactly what I'm trying to say yes so that's as to materiality as is to multiple victims I just think that there was evidence in the case no matter how many actual homeowners testified the idea of stripping equity the effect that it would have the evidence that nobody paid it back that they weren't told that the equity was going to be stripped that's all part of the case but I don't think you need to prove I think judge carry you were suggesting that you don't need to prove each and every victim to make your single unified scheme to defraud this was a corrupt business plan this was a scheme and you needed to do all the different constituent parts and whether you say someone is a victim and whether you might you say there are multiple victims within your one scheme what even if you didn't prove that one one of your classes got victimized I don't think that makes it not a single scheme it's a bunch of steps you need to take to enrich yourself and that's what we proved here one has the impression that the government from its list of witnesses was prepared to go a bit further than it chose to do and may have somewhat endangered its case by doing that is is there some reason you stop short of putting another victim on or another person in Doris position you know so this wasn't my case in that aspect but sometimes it is but this time it's not and having read everything my understanding is it was a it may have been a bad strategic decision for the reasons you're talking about but that it was a time-saving device that they decided to focus the energies on using the cooperators who worked within the scheme and that's who really testified so I have a list in my brief of all those key witnesses they are all people who are involved in the scheme and I think the idea was the whole sort of flavor of what this was could be best communicated by the people who are on the inside and bringing in all of these outside people would have taken a lot longer and it was a strategic decision whether the right one I guess we'll see do you want to talk about her argument that she was deprived of sufficient funds to find an appropriate expert on the materiality point sure just very briefly judge McAuliffe sort of had an argument similar to the one where he had where he said I'm not sure that an expert is going to help you make this after hearing he said you've convinced me that at least you need to talk to somebody so I'm giving you $3,000 CJA funds to go get a consulting expert and if based on what you learn you think you can put on a defense you should come back to us and they never did they never came they never came back so my argument is the argument the brief is is styled as we were denied our defense because we didn't get this expert that we wanted the district court put a process in place to get that expert if it were appropriate and that process was not followed so that that's my argument as to that and as to restitution I would say my arguments that's waived for sort of similar reasons the the number of the government the court imposed is actually slightly lesser than the number of the defense proposed so the defense and the government agreed on a number and the court imposed a slightly lesser number and now the argument is that was error I'd say that's waived when it's raised by the defendant there are no further questions I'm happy the rest of my thank you no thank you